UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS PATRICK HORRIGAN,

      Plaintiff,                                                 Hon. Janet T. Neff

v.                                                                         Case No. 1:10 CV 462

LEE L. HAWORTH, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated the present action against numerous individuals, including several Florida state court judges, as well as Sarasota County, Florida. (Dkt. #1). The Honorable Janet T. Neff referred the matter to this Court for "handling of all matters under [28 U.S.C.] § 636(a) and 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b)(1)(B)." (Dkt. #5).

The Court has granted Plaintiff's motion to proceed as a pauper in this matter. (Dkt. #6). Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court recommends that Plaintiff's complaint be dismissed.

## INTRODUCTION

The underlying concern that animates the Court's opinion is the proper forum for resolution of Plaintiff's various grievances. Whatever he calls them, it is clear that what is at issue it that Plaintiff is unhappy about a child custody decision made by the Florida courts, and he is of the opinion

that various Florida members of the legal profession behaved inappropriately in connection with his child custody case and driving while license suspended charge. The appropriate forum for these matters is either the Florida appellate courts or various Florida professional regulatory bodies. Plaintiff is casting his grievances as constitutional violations in an attempt to have the federal court decide various matters over which it has no original jurisdiction.

## **DISCUSSION**

**Counts I-X**

This action stems from Plaintiff's displeasure with the outcome of various proceedings that were adjudicated in Florida state court. Counts I-X of Plaintiff's complaint allege constitutional violations against various state court judges involved in the matters giving rise to this action. The Court finds these claims are barred by absolute judicial immunity. *See, e.g., Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007).

**Counts XI-XIII**

Counts XI-XIII of Plaintiff's complaint allege RICO claims against three individuals involved in the matters giving rise to this action. To state a claim for a civil RICO violation, Plaintiff must establish four elements: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. *See Melton v. Blankenship*, 2009 WL 87472 at *2 (6th Cir., Jan. 13, 2009). In his complaint, Plaintiff has failed to allege facts that would entitle him to relief, but instead merely asserts the legal conclusion that Defendants have violated the law.

As the Supreme Court recently stated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to state a claim on which relief may be granted, the factual allegations of a claim must "raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 545. As the Court subsequently explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

Accordingly, the Court finds that the allegations in Counts XI-XIII fail to state a claim on which relief may be granted.

**Counts XIV-XV**

Plaintiff asserts that he was arrested on or about January 8, 2007, for driving with a license that had been suspended for failure to pay child support. (Dkt. #1 at ¶ 73). Plaintiff asserts that Defendants Chapman and Lindemann offered him a "deal." (Dkt. #1 at ¶ 110). Pursuant to this deal, Plaintiff would agree to plead guilty and spend ten days in jail. Chapman and Lindemann indicated that if Plaintiff proceeded to trial and was convicted they would seek greater punishment. *Id.* While Plaintiff

*suggests* that he pleaded guilty to the charge in question, he does not definitively state that such is the case. Plaintiff asserts that Defendants' conduct violated his constitutional rights and, furthermore, violated various provisions of state law.

With respect to Plaintiff's claim that Defendants' conduct violated his constitutional rights, the Court finds that the facts alleged by Plaintiff fail to state a claim on which relief may be granted. Moreover, the Court finds that Defendants Chapman and Lindemann are entitled to absolute immunity as to these claims. *See Hart v. Hodges*, 587 F.3d 1288, 1294-99 (11th Cir. 2009).

Plaintiff further asserts that Defendants' conduct constituted: (1) malicious prosecution, (2) false imprisonment, and (3) abuse of process. Under Florida law,[1] to prevail on a malicious prosecution claim, a claimant must establish the following: (1) the commencement of a judicial proceeding; (2) its legal causation by the present defendant; (3) its bona fide termination in favor of the plaintiff; (4) the absence of probable cause for the prosecution; (5) malice; and (6) damages. *See Hickman v. Barclay's International Realty, Inc.*, 16 So.3d 154, 155 (Fla. Dist. Ct. App. 2009). Plaintiff has failed to allege that the matter in question was terminated in his favor or that there existed no probable cause for the prosecution. Accordingly, this claim fails to state a claim on which relief may be granted. The Court further finds, in the alternative, that Defendants are entitled to absolute immunity as to this claim.

---

[1] Plaintiff asserts that the Court has jurisdiction over his various state law claims pursuant to diversity jurisdiction. *See* 28 U.S.C. § 1332. When presiding over a diversity action, federal courts must apply the substantive law of the state in which the court sits, including that state's choice of law rules. *See Mill's Pride, Inc. v. Continental Ins. Co.*, 300 F.3d 701, 704 (6th Cir. 2002). In tort cases where the laws of more than one state may be implicated, Michigan courts employ an "interest analysis" to determine which state's law governs. *See Hall v. General Motors Corp.*, 582 N.W.2d 866, 868 (Mich. Ct. App. 1998) (quoting *Sutherland v. Kennington Truck Service, Ltd.*, 562 N.W.2d 466 (Mich. 1997)). The alleged wrongful conduct in this matter occurred in Florida and Plaintiff's claims are asserted against Florida residents, with the exception of the claims against Defendant Pisani, who is apparently an Ohio resident at present. The Court discerns no evidence that Michigan's interests (or Ohio's interests) are implicated in this matter. The Court, therefore, finds that Florida's interests in this matter are superior. Accordingly, the Court finds that Florida law governs Plaintiff's state law claims.

Plaintiff next asserts that Defendant Lindemann told him that if he declined to plead guilty to the charge he "would be rearrested." Plaintiff asserts that Defendant's conduct subjected him to false imprisonment. Under Florida law, the elements of a false imprisonment claim are: (1) the unlawful detention and deprivation of liberty of a person, (2) against that person's will, (3) without legal authority or color of authority, and (4) which is unreasonable and unwarranted under the circumstances. *See Mathis v. Coats*, 24 So.3d 1284, 1289-90 (Fla. Dist. Ct. App. 2010). While Plaintiff alleges that he was threatened with detention, he has not alleged that any such detention would have been unlawful. Plaintiff's allegations fail to rise above the level of speculation. Accordingly, this claim fails to state a claim on which relief may be granted. The Court further finds, in the alternative, that Defendant is entitled to absolute immunity as to this claim.

Plaintiff also claims that Defendants' conduct constitutes the tort of abuse of process. To prevail on such a claim, Plaintiff must establish that (1) Defendants made an illegal, improper, or perverted use of process, (2) Defendants had ulterior motives or purposes in exercising such illegal, improper, or perverted use of process, and (3) that as a result of Defendants' conduct, Plaintiff suffered damages. *See S & I Investments v. Payless Flea Market, Inc.*, - - - So.3d - - -, 2010 WL 1329057 at *7 (Fla. Dist. Ct. App., Apr. 7, 2010). Plaintiff has failed to allege that Defendants engaged in any illegal, improper, or perverted use of process. Plaintiff's allegations fail to rise above the level of speculation. Accordingly, this claim fails to state a claim on which relief may be granted. The Court further finds, in the alternative, that Defendants are entitled to absolute immunity as to this claim.

**Count XVI**

In Count XVI of his complaint, Plaintiff alleges that the attorney who represented him on the charge of driving with a suspended license, Carly Laura Pisani, committed the following wrongful acts during the course of her representation: (1) negligence, (2) legal malpractice, and (3) unlawful practice of law without a license.

Plaintiff asserts that at the time she represented him, Defendant Pisani was licensed to practice law by the State of Ohio, but not the State of Florida. Plaintiff asserts that such constitutes the unauthorized practice of law. Plaintiff lacks standing to assert such a claim. Under Florida law, the Florida Supreme Court has "exclusive jurisdiction" to pursue claims for unauthorized practice of law. *See, e.g., Goldberg v. Merrill Lynch Credit Corp.*, 981 So.2d 550, 552 (Fla. Dist. Ct. App. 2008); *Sigma Financial Corp. v. Investment Loss Recovery Services, Inc.*, 673 So.2d 572, 573 (Fla. Dist. Ct. App. 1996).

Plaintiff also asserts that Pisani's conduct constituted negligence and legal malpractice. First, the Court discerns no distinction between these two claims. Second, to prevail on a legal malpractice claim, Plaintiff must establish: (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, and (3) the attorney's negligence was the proximate cause of Plaintiff's loss. *See Larson & Larson, P.A. v. TSE Industries, Inc.*, 22 So.3d 36, 39 (Fla. 2009).

Again, while Plaintiff asserts the legal conclusion that Pisani negligently represented him, Plaintiff has failed to allege sufficient *facts* to establish that such negligence caused him to suffer harm. While not clearly stated, Plaintiff suggests that he pleaded guilty to the charge of driving with a suspended license. While Plaintiff asserts the conclusion that he suffered harm as a result of negligence on Pisani's part, he has failed to allege facts that such was the case. To the contrary, Plaintiff suggests

that he pleaded guilty due to pressure exerted on him by the prosecuting attorney and various judges. In sum, Plaintiff's allegations of legal malpractice do not rise above the level of speculation and, therefore, fail to state a claim on which relief may be granted.

**Count XVII**

In Count XVII, Plaintiff alleges that during divorce proceedings his former wife's attorney, Nicholas Sardelis, engaged in the following wrongful acts: (1) perpetrated fraud upon the court, (2) engaged in libel, and (3) suborned perjury.

Plaintiff's fraud upon the court claim is premised on his belief that the attorney "made numerous misrepresentations" to the court during the proceeding(s) in question. Plaintiff is requesting that this Court intervene in a state court matter. This Court lacks jurisdiction over such claims. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

With respect to Plaintiff's libel claim, Florida law provides that:

> an action for libel will lie for "a false and unprivileged publication by letter, or otherwise, which exposes a person to distrust, hatred, contempt, ridicule or obloquy or which causes such person to be avoided, or which has a tendency to injure such person in his office, occupation, business or employment." In other words, such a communication is "defamatory" if it tends to harm the reputation of another as to lower him or her in estimation of community or deter third persons from associating or dealing with the defamed party.

*LRX, Inc. v. Horizon Associates Joint Venture*, 842 So.2d 881, 885 (Fla. Dist. Ct. App. 2003) (internal citations omitted).

Plaintiff has not alleged that Defendant Sardelis *published* any *false* material about him. Plaintiff has likewise not alleged that Defendant's alleged conduct was defamatory. The Court, therefore, finds that this claim fails to state a claim on which relief may be granted.

While Plaintiff asserts the legal conclusion that Defendant Sardelis suborned perjury, he has failed to allege any *facts* regarding this allegation. Because Plaintiff has failed to state a "plausible claim" that rests on "more than the mere possibility of misconduct," this claim must be dismissed for failure to state a claim on which relief may be granted.

**Count XVIII**

In Count XVIII of his complaint, Plaintiff seeks declaratory and injunctive relief against Sarasota County and the Sarasota County Circuit Court "to prevent violations of Plaintiff's legal rights and to remedy Defendants' continuing failure to ensure that Plaintiff, and all other similarly situated individuals, receive constitutionally adequate legal representation." (Dkt. #1 at ¶ 249). This claim fails for several reasons. Plaintiff does not have standing to assert the rights of others and as a layperson cannot represent others before this Court. To the extent that Plaintiff is attempting to assert his own rights, he lacks standing because he has failed to allege that he presently faces (or is reasonably likely to face) criminal charges in the Sarasota County Circuit Court. Plaintiff has also failed to allege facts sufficient to state a claim for the denial of the right to the effective assistance of counsel in any criminal proceeding before the Sarasota County Circuit Court. Accordingly, the Court finds that this claim fails to state a claim on which relief may be granted.

**Count XIX**

In Count XIX, Plaintiff asserts that all Defendants have engaged in a civil conspiracy to (1) prevent him from having custody of his children and (2) incarcerate him without due process and without effective legal representation. Under federal law, it is improper for "two or more persons" to

conspire "for the purpose of depriving, either directly or indirectly," an individual of his civil rights. 42 U.S.C. § 1985. Plaintiff's claim fails, however, because he has failed to allege facts that demonstrate that the alleged conspiracy deprived him of a right or privilege protected by the laws or Constitution of the United States. *See Sawyer v. Lexington-Fayette Urban County Government*, 2001 WL 1006237 at *2 (6th Cir., Aug. 21, 2001) (citing *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996)).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's action be **dismissed** and that his Motion for Temporary Restraining Order (Dkt. #3) be **dismissed as moot**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 19, 2010

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge