UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS PATRICK HORRIGAN,

    Plaintiff,

v

LEE L. HAWORTH et al.,

    Defendants.
_____/

Case No. 1:10-cv-462

HON. JANET T. NEFF

## OPINION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. On May 19, 2010, the Magistrate Judge filed a Report and Recommendation, recommending that the action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B) on grounds that the complaint fails to state a claim upon which relief can be granted. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Judgment. *See* FED. R. CIV. P. 58. Having reviewed the Complaint, and considered the Magistrate Judge's Report and Recommendation, the Court concludes that dismissal is proper at this stage of the proceedings.

Plaintiff initiated this action by filing an 80-page complaint against eleven Florida defendants,[1] alleging violations of his civil rights related to legal proceedings in the Florida state courts for his child custody case and a charge of driving on a suspended license. Plaintiff also filed a Motion for Temporary Restraining Order (Dkt 3). Plaintiff seeks an "Order of Judgment" for payment to him in the total sum of $51,813,488 (Compl. p. 79, ¶ 24). The Court granted Plaintiff leave to proceed *in forma pauperis* (Dkt 6). On initial review of Plaintiff's Complaint pursuant to § 1915(e)(2), the Magistrate Judge determined that Plaintiff's case is properly dismissed because the claims are precluded by absolute judicial immunity, or fail either factually or legally as to the cause of action alleged. Accordingly, the Magistrate Judge recommended that Plaintiff's Motion for Temporary Restraining Order should be dismissed as moot.

Plaintiff first objects generally to the Magistrate Judge's report and recommendation of dismissal, stating that he is invoking FED. R. CIV. P. 15(a), which permits him "to file an amended complaint to clarify facts and their application in the federal court arena" (Obj. at 3). However, § 1915(e)(2) provides that in actions filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted …." 28 U.S.C. § 1915(e)(2)(B)(ii).

Although several circuits have held that the screening provisions of the Prison Litigation Reform Act (PLRA) neither repeal Rule 15(a) nor preclude a court from granting leave to amend, the Sixth Circuit Court of Appeals has held to the contrary. *Brown v. Johnson,* 387 F.3d 1344, 1348-49 (11th Cir. 2004) (citing circuits and cases so holding). As the court observed in *Brown*, the

---

[1] Five state court judges and a court deputy, two state assistant prosecutors, a former public defender, a private attorney, and Sarasota County.

Sixth Circuit has held that, "'[u]nder the Prison Litigation Reform Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal.'" *Brown,* 387 F.3d at 1349 (quoting *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir.1997) overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)).

The Sixth Circuit's pronouncement concerning § 1915(e)(2) applies to both prisoner and nonprisoner cases. *McGore,* 114 F.3d at 608-09. Thus, if a complaint falls within the requirements of § 1915(e)(2)(B) when filed, the district court must dismiss the complaint. *Carter v. Tucker,* 69 Fed. Appx 678, 680 (6th Cir. 2003); *Beene v. Rasseki,* No. 3:10-0285, 2010 WL 2196597, at *3 (M.D. Tenn. May 27, 2010); *DeMoss v. Citi Mortg.,* No. 10-10423, 2010 WL 502774, at *1 (E.D. Mich. February 5, 2010). "The court is not required to allow a plaintiff to amend his complaint prior to dismissal." *Carter,* 69 Fed. Appx at 680; *see also Beene, supra* and *DeMoss, supra*. Accordingly, Plaintiff is not entitled to file an amended complaint pursuant to Rule 15(a).[2]

"A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Rushing v. Kent County Facility,* No. 1:07-cv-580, 2007 WL 2249119, at *1 (W.D. Mich. July 31, 2007). A Court must read a plaintiff's pro se complaint "indulgently" and accept the allegations as true, unless they are clearly irrational or wholly incredible. *Id.* Even under these standards, the Court finds Plaintiff's exhaustive allegations without legal merit.

With regard to Plaintiff's more specific objections, plaintiff has failed to set forth any intelligible assertion of error in the report and recommendation of the Magistrate Judge. Plaintiff's

---

[2]Even if Plaintiff were entitled to file an amended Complaint, he has not stated with any specificity how the deficiencies in his claims can be overcome by further elucidation.

objections are therefore denied.  Because Plaintiff's Complaint is properly dismissed for failure to state a claim, the Magistrate Judge did not err in finding Plaintiff's related Motion for Temporary Restraining Order moot.

For these reasons and because this action was filed *in forma pauperis*, this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Opinion and Judgment would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

A Judgment will be entered consistent with this Opinion.


Date:  June 16, 2010    /s/ Janet T. Neff
JANET T. NEFF
United States District Judge